# MEMO ENDORSED



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DEBORAH A. DORFMAN
Tel: (212) 788-0408
Fax: (212) 788-0940
email: ddorfman@law.nyc.gov

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/07
```

July 3, 2007

**BY FACSIMILE**
Hon. P. Kevin Castel
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street

*Terry Casillas v. Robert Daines, et al.*, 07 CV 4082 (PKC)

Dear Judge Castel:

    As the Assistant Corporation Counsel representing defendant, Robert Doar, as Commissioner of the New York City Human Resources Administration ("City Defendant") in the above-captioned case, I write as required by Rule 2.A.1 of the Court's Individual Practice Rules to respectfully request that the Court schedule a Pre-Motion Conference to discuss City Defendant's anticipated motion to dismiss in above-mentioned case. Additionally, the City Defendant plans to seek a stay of discovery pending the outcome of his motion to dismiss. The basis for the City Defendant's anticipated motion to dismiss is set forth below.

    In this case, Plaintiff, a recipient of Medicaid benefits, has alleged that she has a condition known as Gender Identity Disorder. Complaint at ¶ 42. The gravaman of Plaintiff's complaint is that she is unable to obtain a procedure known as gender reassignment surgery because Medicaid regulation, 18 N.Y.C.R.R. § 505.2(l) adopted by the *State* Defendant and the *State* Department of Health, excludes coverage for the gender reassignment. She alleges that the regulation violates her rights under federal Medicaid law, as well as under the United States and New York Constitutions and the New York Social Services law §365-a(5). Complaint at ¶¶ 1, 55, 63-67. Nowhere in the Complaint, however, does Plaintiff allege that the City Defendant was responsible for promulgating the complained of regulations. *See generally* Complaint.

The City Defendant seeks dismissal of this action pursuant to Fed. R. Civ. 12(b)(6) on the basis that plaintiff has failed to state a claim against the City Defendant upon which relief can be granted. Specifically, the City Defendant, in his motion to dismiss, will argue four overall points. First, there is no live case or controversy because the Complaint fails to allege that Plaintiff actually requested the gender reassignment surgery from the City Defendant and that this request was in fact denied by the City Defendant. Absent a live case or controversy, the Court cannot exercise jurisdiction in this case. *See Linda R.S. V. Richard D.*, 410 U.S. 614 (1973).

Second, even had the Plaintiff alleged a live case or controversy, the actions complained of in the Complaint do not confer any liability upon City defendant. As a matter of law, the City Defendant simply has no discretion to ignore or disobey the state's Medicaid regulation. *See Weinberg v. Perales*, 121 A.D. 2d 729, 504 N.Y.S. 2d 456, 457 (2d Dep't 1986)(federal Medicaid regulations "provide that a local agency must not have the authority to review, change or disapprove the decision of the single state [Medicaid] agency.").

Here, the City Defendant, acting in his official capacity as the Commissioner of the New York City Human Resources Administration does not promulgate Medicaid regulations and did not promulgate the regulation at issue in this case. Therefore, there is no set of facts that Plaintiff can present to show a "direct causal link" between a policy or custom of the City Defendant and the alleged violations in Plaintiff's Complaint and that the City Defendant can be faulted for the alleged deprivation. Rather, as Plaintiff alleges in her Complaint, it was the State Defendant in this case that promulgated the regulation at issue and was solely responsible for doing so. *See* Complaint, at ¶¶ 27, 34, *see also* Social Services law § 363-a.2. As a consequence, plaintiffs do not satisfy the requirements of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Specifically, a municipality can only be liable under 42 U.S.C. § 1983 if there is "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Caminero v. Rand*, 882 F. Supp. 1319, 1323 (S.D.N.Y. 1995) *quoting City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The plaintiff must also show that the municipality can be faulted for the alleged deprivation. *Caminero v. Rand*, 882 F. Supp. at 1323 *citing Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985).

Moreover, the City Defendant is not a necessary party to this action. As discussed above, the City Defendant lacks any discretion as to adoption of state rules and laws in regard to the implementation of the state Medicaid program and therefore, is not a necessary party to this action as the Plaintiff in this case can obtain any relief she seeks from the State Defendant. *See Minino v. Perales*, 168 A.D. 2d 289, 562 N.Y.S. 2d 626, 627 (First Dep't 1990)(in case against State and City defendants challenging alleged unlawful denial of Home Relief benefits, First Department reversed trial court's denial of City defendant's motion to dismiss on basis that it was the sole responsibility of the City administer the State's program in accordance with State law and thus the City was not a necessary party to the case). If the State Defendant is ordered to change its regulation, for example, as a matter of law, the City Defendant will be required to comply with any such change.

Finally, the City Defendant will argue that plaintiff's claims as to him are barred by the Eleventh Amendment to the United States Constitution. Although, Eleventh Amendment immunity defenses are not available to municipalities or other local governments, Courts have repeatedly found that agencies of local government, when it can be demonstrated that they are acting as "an arm of the state", are entitled to sovereign immunity under the Eleventh Amendment. In this case, as City Defendant can show, City Defendant was and is acting wholly as an "arm of the state" and therefore, is entitled to immunity from suit in this case. *Boyland v. Wing*, 2007 U.S. Lexis 21780.

The City Defendant respectfully requests that a pre-motion conference be set by the Court. Further, given that the Answer or a Motion to Dismiss is currently due on July 16, 2007, the City Defendant respectfully requests that in the event that the pre-motion conference requested herein is not set prior to that date, that the City Defendant be provided with an extension of time for a period one week following the date of the pre-motion conference to file its Motion to Dismiss.

*[Handwritten order: Time to answer or move extended to September 4, 2007. Plaintiff are directed to respond to this letter by fax received in Chambers by July 13, 2007. SO ORDERED. [signature] USDJ 7-5-07]*

Respectfully submitted,

MICHAEL E. CARDOZO
Corporation Counsel of the
    City of New York
Attorney for Defendant Doar
100 Church Street
New York, New York 10007

[signature]

Martha Calhoun (MC5009)
Deborah A. Dorfman (Applicant for
Admission Pro Hac Vice)
Assistant Corporation Counsel

Cc: Deborah Berkman, Esq. (By Facsimile)
    Deborah Hochauser, Esq. (By Facsimile)