UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TERRI CASILLAS,

                 Plaintiff,                            07-CV-4082 (PKC)
   -against-

**STATE DEFENDANT'S ANSWER TO THE COMPLAINT**

RICHARD F. DAINES, as Commissioner of the
New York State Department of Health, and
ROBERT DOAR, as Commissioner of the
New York City Human Resources Administration,

                 Defendants.
------------------------------------------------------------X

      Defendant, Richard F. Daines, as Commissioner of the New York State Department of Health ("DOH") ("State defendant"), by his attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers the complaint in the above-captioned action, as follows:

      1. With respect to paragraph 1 of the Complaint, no response is necessary as it sets forth the alleged nature of this proceeding, but to the extent a response is deemed required denies the allegations contained therein.

      2. With respect to paragraph 2 of the Complaint, denies the allegations contained therein and respectfully refers the Court to the cited statutes for the best statement of their content and meaning.

      3. With respect to paragraph 3 of the Complaint, no response is necessary as it sets forth the basis which plaintiffs purport to proceed, but to the extent a response is deemed required denies the allegations contained therein.

      4. With respect to paragraph 4 of the Complaint, denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

5. With respect to paragraph 5 of the Complaint, denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

6. With respect to paragraph 6 of the Complaint, admits that Richard F. Daines is the Commissioner of DOH and maintains an office at Corning Tower, Empire State Plaza, Albany, New York, however respectfully refers the Court to the applicable statutes and regulations for the best statement of the Commissioner's responsibilities and denies the characterizations made by Plaintiff thereof.

7. With respect to paragraph 6 of the Complaint, admits that Robert Doar is the Commissioner of the New York City Human Resources Administration ("HRA" or "City Defendant") and maintains an office at 180 Water Street, New York, New York, however respectfully refers the Court to the applicable statutes and regulations for the best statement of the Commissioner's responsibilities and denies the characterizations made by Plaintiff thereof.

8. With respect to paragraphs 8 through 36 of the Complaint, respectfully refers the Court to the cited sections of the statutes, regulations and Constitution for the best statement of their content and meaning and denies the characterizations made by Plaintiff thereof.

9. With respect to paragraph 37 of the Complaint, respectfully refers the Court to the cited manual for the best statement of its content and meaning and denies the characterizations made by Plaintiff thereof.

10. With respect to paragraphs 38 and 39 of the Complaint, respectfully refers the Court to the cited literature for the best statement of its content and meaning and denies the characterizations made by Plaintiff thereof.

11. With respect to paragraphs 40 through 54 of the Complaint, denies knowledge and

information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

12. With respect to paragraph 55 of the Complaint, denies the allegations contained therein except admits that Medicaid does not cover the surgery sought by Plaintiff.

13. With respect to paragraph 56 of the Complaint, denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

14. With respect to paragraphs 57 through 60 of the Complaint, denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

15. With respect to paragraph 61 of the Complaint, denies the allegations contained therein and respectfully refers the Court to the cited regulation for the best statement of its content and meaning.

16. With respect to paragraph 62 of the Compliant, respectfully refers the Court to the cited regulation for the best statement of its content and meaning and denies the characterizations made by Plaintiff thereof.

17. With respect to paragraphs 63 through 67, denies the allegations contained therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

18. Plaintiff is barred by the Eleventh Amendment to the United States Constitution from seeking relief in this forum against the State defendant for alleged violations of State Law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

19. This Complaint fails to set forth a claim upon which relief can be granted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

20. Plaintiff lacks standing to obtain the relief sought, as the federal Medicaid statutes and regulations do not create enforceable private rights of action, entitling Medicaid recipients to sex reassignment surgery.

**WHEREFORE**, State defendant respectfully requests that the Complaint be dismissed in its entirety, and the Court award defendants such further relief as the Court deems just and proper.

Dated: New York, New York
September 4, 2007

                            ANDREW M. CUOMO
                            Attorney General of the State
                            of New York

                            by  _____
                            DEBORAH HOCHHAUSER (DH-0940)
                            Assistant Attorney General
                            <u>Attorney for Defendants</u>
                            120 Broadway
                            New York, New York 10271
                            (212) 416-8629