# MEMO ENDORSED

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/07

ANDREW M. CUOMO
Attorney General

LESLIE LEACH
Deputy Attorney General
State Counsel Division

October 18, 2007

Writer's Direct Dial
(212) 416-8629

JUNE DUFFY
Assistant Attorney General In Charge
Litigation Bureau

**By Fascimile**
Hon. P. Kevin Castel
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

P. KEVIN CASTEL
U.S.D.J.

Re: *Casillas v. Daines, et al.*, 07 Civ. 4082(PKC)

Dear Judge Castel:

On behalf of defendant, Richard F. Daines, as Commissioner of the New York State Department of Health ("State defendant), I write pursuant to the Court's individual rules to request a pre-motion conference before State defendant moves pursuant to the Federal Rules of Civil Procedure 12(c) for a judgment on the pleadings. In addition, State defendant requests a stay of discovery pending this motion.

By this action, plaintiff makes a facial challenge to State defendant's promulgation and implementation of 18 N.Y.C.R.R. § 505.2(1). 18 N.Y.C.R.R. § 505.2(1) provides that Medical Assistance coverage is "not available for care, services, drugs, or supplies rendered for the purpose of gender reassignment (also known as transsexual surgery) or any care, services, drugs, or supplies intended to promote such treatment." Specifically, plaintiff contends State defendant's promulgation and implementation of 18 N.Y.C.R.R. § 505.2(1) violates her rights under the federal Medicaid statutes, 42 U.S.C. § 1396a(10)(A), 42 U.S.C. § 1396a(a)(10)(B)(I), 42 U.S.C. § 1396a(a)(17), 42 U.S.C. § 1396a(a)(10)(B)(I) and the implementing regulations. In addition, plaintiff argues that 18 N.Y.C.R.R. § 505.2(1) violates the equal protection clauses of the Fourteenth Amendment and New York State law, i.e., the New York State Constitution and New York Social Services Law § 365-a(5).

Plaintiff's requested relief asks this Court to: 1) declare that State defendant's promulgation and implementation of 18 N.Y.C.R.R. § 505.2(1) violates the above enumerated laws; 2) permanently enjoin the State defendant to rescind § 505.2(1); and 3) provide plaintiff with medical assistance coverage for all gender reassignment care, services, drugs and supplies prescribed by her physicians to treat her gender identity disorder. State defendant's contemplated motion would argue that the promulgation and the implementation of 18 N.Y.C.R.R. § 505.2(1)

is a valid exercise of State defendant's power and authority and it does not violate the laws as alleged by plaintiff. In addition, State defendant's motion would contend that plaintiff does not have a private right of action under the Medicaid statutes to have Medicaid pay for sex reassignment surgery and related treatments to treat her gender identity disorder and that plaintiff's State law claims must be dismissed due to Eleventh Amendment Immunity.

As plaintiff's request for a permanent injunction ordering State defendant to provide her with medical assistance coverage for sex reassignment surgery and related treatment directly hinges on the Court's determination of the validity of 18 N.Y.C.R.R. § 505.2(1) on its face, State defendant requests that any discovery on plaintiff's medical need for such treatment be stayed pending the Court's determination on the motion. The reasoning for this request is as follows: Firstly, if the Court upholds the regulation State defendant's discovery into plaintiff's alleged medical need for the treatment in question would be unnecessary. Secondly, assuming *arguendo*, that this Court were to strike down the regulation, the matter should revert back to the State defendant to make an administrative determination on plaintiff's request for medical coverage based on plaintiff's individualized need for the treatment in question.

Respectfully submitted,

DEBORAH HOCHHAUSER (DH-0940)
Assistant Attorney General

cc:  Deborah Berkman, Esq. (By Fascimile)

*[Handwritten note:]* Any response to Ms. Hochhauser's letter shall be faxed to chambers by October 24, 3 pm.

SO ORDERED
USDJ
10-18-07

Division of State Counsel • Litigation Bureau
120 Broadway, New York, N.Y. 10271-0332 • Phone (212) 416-8610 • Fax (212) 416-6075 • Not For Service of Papers
http://www.oag.state.ny.us