UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TERRY CASILLAS,                                              07 Civ. 4082 (PKC) (GWG)

                              Plaintiff,

        - against -


RICHARD F. DAINES, as Commissioner of the
New York State Department of Health, and
ROBERT DOAR, as Commissioner of the
New York City Human Resources Administration,

                              Defendants.
-----------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO STATE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

YISROEL SCHULMAN, ESQ
NEW YORK LEGAL ASSISTANCE GROUP
Jane Greengold Stevens, Of Counsel (JS 4790)
Deborah Berkman, Of Counsel (DB 8086)
450 West 33rd Street, 11th Floor
New York, New York 10001
Tel. (212) 613-5000

SYLVIA RIVERA LAW PROJECT
Pooja Gehi (PG 4718)
Franklin Romeo (FR 2194)
322 Eighth Avenue, 3rd Floor
New York, New York 10001
Tel. (212) 337-8550

ORRICK, HERRINGTON & SUTCLIFFE LLP
Morton Dubin (MD 7149)
666 Fifth Avenue
New York, New York 10103
Tel. (212) 506-5000


*Attorneys for the Plaintiffs*

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................ ii

Table of Authorities ........................................................................................... iii

Preliminary Statement ........................................................................................ 1

Argument ........................................................................................................... 2

  I.  The Medicaid Act Provisions Relied on By Plaintiff are Enforceable Under
     Section 1983 ................................................................................................. 2

      A.  Section 1396a(a)(10)(A) ..................................................................... 5

      B.  Section 1396a(a)(10)(B)(i) ................................................................... 7

      C.  Section1396a(a)(17) ............................................................................ 9

  II.  Defendant's Motion for a Judgment on the Pleadings Should be Denied:
      All of His Substantive Arguments Are Based on Factual Assertions
      Contrary to Those Alleged in the Complaint, Inappropriate on this Motion ......... 10

      A.  Based on the facts alleged by Plaintiff, 18 N.Y.C.R.R. § 505.2(l) is
         not a rational, permissible construction of 42 U.S.C. §
         1396a(a)(10)(A) or 42 U.S.C. § 1396a(a)(17) ........................................... 12

      B.  Based on the facts alleged by Plaintiff, 18 N.Y.C.R.R. § 505.2(l) is
         not a rational, permissible construction of 42 U.S.C. §
         1396a(a)(10)(B)(i) ............................................................................... 15

  III.  Plaintiff States a Claim that 18 N.Y.C.R.R. § 505.2(1) Violates the Equal
      Protection Clause of the Fourteenth Amendment .......................................... 18

Conclusion ....................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511 (2001) .........................................................5

*Beal v. Doe*, 432 U.S. 438, 97 S.Ct. 2366 (1977) ...................................................................14, 17

*Blessing v. Freestone,* 520 U.S. 329, 117 S.Ct. 1353 (1997) ......................................................2, 6

*Borriello v. Novello.* No. 02cv7946 (KMW) (S.D.N.Y. Mar. 24, 2004) ................................9, 10

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837,
    104 S.Ct. 2778 (1984) ...............................................................................................10, 11

*City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 105 S.Ct. 3249 (1985) 18

*Clark v. Richman*, 339 F. Supp. 2d 631 (M.D. Pa. 2004) ...............................................................7

*DeSantis v. United States,* 783 F.Supp. 165 (S.D.N.Y. 1992) .....................................................10

*Detsel by Detsel v. Sullivan*, 895 F.2d 58 (2d Cir. 1990) ............................................................11

*Disabled Am. Veterans v. U.S. Dept. of Veterans Affairs,* 962 F.2d 136 (2d Cir. 1999) .............18

*Doe v. Minnesota Department of Public Welfare*, 257 N.W.2d 816 (Minn. 1977) .....................15

*Equal Access for El Paso, Inc. v. Hawkis*, 428 F. Supp. 2d 585 (W.D. Texas 2006), *reversed
    o.g.,* --- F.3d ----, NO. 06-50599, 2007 WL 4295380 (5th Cir. Dec 10, 2007) .............7, 8

*Fox Television Stations, Inc. v. Federal Communications Com'n,* 489 F.3d 444
    (2d. Cir. 2007) ...................................................................................................................11

*Freier v. Westinghouse Elec. Corp.,* 303 F.3d 176 (2d Cir. 2002), *cert. denied,* 538 U.S. 998,
    123 S.Ct. 1899 (2003) .........................................................................................................3

*G. B. v. Lackner*, 80 Cal.App.3d 64, 145 Cal. Rptr. 555 (Cal. 1st Dist. Ct. App. 1978) .............15

*Gonzaga Univ. v. Doe,* 536 U.S. 273, 122 S.Ct. 2268 (2002) ...........................................2, 3, 4, 7

*Greenstein by Horowitz v. Bane*, 833 F.Supp. 1054 (S.D.N.Y. 1993) ........................................11

*GTE Service Corp., v. F.C.C.*, 205 F.3d 416 (D.C. Cir. 2000) ....................................................11

*Health Care For All, Inc. v. Romney,* NO. CIV.A.00-10833-RWZ, 2004 WL 3088654
(D. Mass. Oct 01, 2004) ...........................................................................................7

*Hope Medical Group for Women v. Edwards,* 63 F.3d 418 (5th Cir. 1995), *cert. denied sub nom,*
*Foster v. Hope Medical Group For Women,* 517 U.S. 1104, 116 S.Ct. 1319 (1996) ......14

*Kerr v. Holsinger,* NO. CIV. A. 03-68-H, 481, 2004 WL 882203
(E.D. Ky. March 25, 2004) .......................................................................................9

*Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002) ..............................................5

*Markva v. Haveman,* 168 F.Supp.2d 695 (E.D. Mich. 2001), *aff'd,* 317 F.3d 547
(6th Cir. 2002) .........................................................................................................9

*Martin v. Taft,* 222 F.Supp.2d 940 (S.D. Ohio 2002) ...................................................7

*Memisovski ex rel. Memisovski v. Maram*, NO. 92 C 1982, 2004 WL 1878332
(N.D. Ill. Aug 23, 2004) ..........................................................................................7

*Mendez v. Brown*, 311 F. Supp. 2d 134 (D. Mass 2004) ............................................7, 9

*Michelle P. ex. Rel. Deisenroth v. Holsinger*, 356 F. Supp. 2d 763 (E.D. Ky. 2005) ............7, 8

*M.K.B. v. Eggleston,* 445 F.Supp.2d 400 (S.D.N.Y. 2006) ...........................................4

*Montoya v. Johnston*, 654 F.Supp. 511 (W.D. Tex. 1987) ............................................14

*Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Service,* 293 F. 3d 472
(8th Cir. 2002) .........................................................................................................6

*Pinneke v. Preisser*, 623 F.2d 546 (8th Cir. 1980) ......................................................15

*Rabin v. Wilson-Coker.* 362 F.3d 190 (2d Cir. 2004) .................................................3, 4

*Reynolds v. Giuliani,* NO. 98 CIV.8877 (WHP), 2005 WL 342106 (S.D.N.Y. Feb 14, 2005) ......4

*Rodriguez v. City of New York,* 197 F.3d 611 (2d Cir. 1999) .........................................10, 16, 17

*Rosie D. v. Romney,* 410 F. Supp. 2d 18 (D. Mass, 2006) ...........................................7

*Sabree ex rel. Sabree v. Richman*, 367 F. 3d 180 (3d Cir. 2004) ..................................6

*S.D. ex rel. Dickson v. Hood*, 391 F. 3d 581 (5th Cir. 2004) .......................................6

*Skubel v. Fuoroli,* 113 F.3d 330 (2d Cir. 1997) .........................................................11

*Turner v. Perales,* 869 F.2d 140 (2d Cir. 1989) .......................................................................11

*Verdow ex rel. Meyer v. Sutkowy,* 209 F.R.D. 309 (2002) ......................................................9

*Vermont Assembly of Home Health Agencies, Inc. v. Shalala,* 18 F.Supp.2d 355
    (D. Vt. 1998)......................................................................................................................18

*Watson v. Weeks*, 436 F. 3d 1152 (9th Cir. 2006) ..............................................................4, 5, 6

*Weaver v. Reagen*, 886 F.2d 194 (8th Cir. 1989) .....................................................................14

*Westside Mothers v. Olszewski*, 289 F. 3d 852 (6th Cir. 2006), *cert denied,* 537 U.S. 1045,
    123 S.Ct. 618 (2002) ...........................................................................................................6

*White v. Beal*, 555 F.2d 1146 (3d Cir. 1977) ...........................................................................17

Wright v. City of Roanoke Redevelopment and Housing Authority, 479 U.S. 418, 107 S.Ct. 766
    (1987) ...................................................................................................................................5

## STATUTES

42 U.S.C. § 1320a-2 ....................................................................................................................5

42 U.S.C. § 1396 .......................................................................................................................12

42 U.S.C. §1396a(a)(10)(A) ..........................................................................................5, 6, 12, 14

42 U.S.C. §1396a(a)(10)(B)(i) ................................................................................................ *passim*

42 U.S.C. §1396a(a)(17) .........................................................................................8, 9, 10, 12

42 U.S.C. § 1396d(a) .............................................................................................5, 7, 12, 17

42 U.S.C. § 1396r-6 .....................................................................................................................3

42 U.S.C. § 1983 ................................................................................................................ *passim*

## REGULATIONS

42 C.F.R. § 440.10 ......................................................................................................................6

42 C.F.R. § 440.20 ......................................................................................................................6

42 C.F.R. § 440.30 ......................................................................................................................6

42 C.F.R. § 440.40 ...................................................................................................6

42 C.F.R. § 440.50 ...................................................................................................6

42 C.F.R. § 440.70. ..................................................................................................6

42 C.F.R. § 440.210 ..............................................................................................6, 12

42 C.F.R. § 440.230 ..............................................................................................8, 16

42 C.F.R. § 440.240 ..................................................................................................8

18 N.Y.C.R.R. § 505.2(l) ................................................................................ *passim*

18 N.Y.C.R.R. § 533.5 .........................................................................................12, 16

## LEGISLATIVE MATERIALS

12 N.Y. Reg. 5 (March 25, 1998) ..............................................................................13

12 N.Y. Reg. 11 (Jan. 7, 1998) .................................................................................13

12 N.Y. Reg. 26 (July 16, 1997) ...............................................................................13

## PRELIMINARY STATEMENT

Defendant's Motion for Judgment on the Pleadings is based on three flawed contentions: first, that Plaintiff's claims are not justiciable because there is no implied right of action under the Medicaid Act and because her claims are not enforceable pursuant to 42 U.S.C. § 1983; second, that the regulation challenged by Plaintiff is a reasonable construction of the Medicaid Act, and therefore entitled to deference from this Court; and third, that Defendant had a rational basis for promulgating the regulation and therefore that it violates neither the Medicaid Act nor the Equal Protection Clause.

Plaintiff did not allege a private right of action under the Medicaid Act, so everything in Defendants' memorandum of law arguing against an implied right of action is irrelevant. Plaintiff brought this action "pursuant to 42 U.S.C. § 1983," as it says in the first sentence of the Complaint. (Complaint ¶ 1 (hereinafter "Compl.").) Numerous courts have held that the sections of the Medicaid Act relied on by Plaintiff are enforceable pursuant to 42 U.S.C. § 1983.

Every other argument put forth by Defendant is grounded in fact and is therefore inappropriate on a motion for judgment on the pleadings. The rational basis offered by Defendant to justify the challenged regulation is entirely fact based: Defendant argues that gender reassignment treatment is not safe and effective (Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings 19 (hereinafter "Def.'s Mem.")), and that he need not offer this treatment to Plaintiff because he does not offer it to anyone else. (Def.'s Mem. 22.) These assertions directly contradict the allegations in the Complaint in this case. (Compl. ¶¶ 39, 61.) For purposes of this motion, the allegations in the Complaint must be accepted as true, thus Defendant's arguments do not support a motion for judgment on the

pleadings.  Only after discovery and a trial will these issues be ready for adjudication.

Defendant's motion should therefore be denied.

## ARGUMENT

**I.     The Medicaid Act Provisions Relied on By Plaintiff are Enforceable Under Section 1983**

The provisions of the Medicaid Act relied on by Plaintiff create specific rights for eligible

individuals to receive medical assistance, enforceable under 42 U.S.C. § 1983 ("Section 1983").

Plaintiff has never asserted that she has an "implied right of action" under the Medicaid Act, thus

all arguments in Defendant's memorandum of law that dispute the existence of such an "implied

right of action" are misplaced and irrelevant.  Defendant's arguments against the enforceability

of Plaintiff's claims under Section 1983 are equally unavailing.

Section 1983 provides a remedy for an individual alleging that any person, acting "under

color of any statute, ordinance, regulation, custom or usage of any State" deprives her "of any

rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42

U.S.C. § 1983.  A statutory provision creates a right enforceable pursuant to Section 1983 if (1)

Congress intended that the provision in question benefit the plaintiff; (2) the right assertedly

protected by the statute is not so "vague and amorphous" that its enforcement would strain

judicial competence; and (3) the statute unambiguously imposes a binding obligation on the

states.  *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 1359 (1997).  The provision

"must be couched in mandatory, rather than precatory, terms."  *Id.*  In *Gonzaga Univ. v. Doe,*

536 U.S. 273, 122 S.Ct. 2268 (2002), the Supreme Court further articulated the difference

between those statutes giving rise to Section 1983 claims and those that do not, holding that a

federal right must be "unambiguously conferred" to support a claim under Section 1983.  536

2

U.S. at 283, 122 S.Ct. at 2275.  Thus, the relevant question is whether the statute confers "a mandatory [benefit] focusing on the individual."  *Gonzaga*, 536 U.S. at 280, 122 S.Ct. at 2273. Once a court finds that a federal statute creates an individual right, a presumption exists that the statute is enforceable under Section 1983.  *Gonzaga*, 536 U.S. at 284, 122 S.Ct. at 2276.

In *Rabin v. Wilson-Coker*, the Second Circuit, in its only post-*Gonzaga* decision concerning the enforceability of the Medicaid Act under Section 1983, held, *inter alia,* that § 1396r-6 of the Medicaid Act creates individual rights enforceable under Section 1983.  362 F.3d 190, 202 (2d Cir. 2004).  Section 1396r-6(a) of the Medicaid Act provides that approved state plans "must provide that each family which was receiving [a certain federal cash assistance benefit] in at least 3 of the 6 months immediately preceding the month in which such family becomes ineligible for aid, because of . . . income from employment . . . remain eligible for assistance under the plan . . . during the immediately succeeding 6 month period."  42 U.S.C. § 1396r-6(a).  The Second Circuit, in analyzing whether the Act created an enforceable right, examined the statutory provision's "language, the context in which the language is used, and the broader context of the statute as a whole."  *Rabin,* 362 F.3d at 196 (quoting *Freier v. Westinghouse Elec. Corp.,* 303 F.3d 176, 197 (2d Cir. 2002), *cert. denied,* 538 U.S. 998, 123 S.Ct. 1899 (2003)).  Further, in evaluating whether the provision had rights-creating language, the Court examined whether the text of the statute was "phrased in terms of the persons benefited," and held that the language of 42 U.S.C. § 1396r-6 "focuses much more directly than does the [the statute at issue in *Gonzaga*] on the individual's entitlement."  *Rabin,* 362 F.3d at 201.  The Court thus found that the language of the statute focused on the persons benefited and concluded that the statute was enforceable pursuant to Section 1983.  *Rabin,* 362 F.3d at 202.

3

Courts in this district have continued to find provisions of the Medicaid Act enforceable after the *Gonzaga* decision. *See e.g., M.K.B. v. Eggleston,* 445 F.Supp.2d 400, 428 (S.D.N.Y. 2006) (finding §1396a(a)(8) of the Medicaid Act, which requires state administering agencies to provide assistance with reasonable promptness to all eligible individuals, conferred a federal right enforceable under Section 1983); *Reynolds v. Giuliani,* NO. 98 CIV.8877 (WHP), 2005 WL 342106, *15-16 (S.D.N.Y. Feb 14, 2005) (same).

Defendant's arguments that the relevant provisions of the Medicaid Act are not enforceable because they are stated as "state plan" requirements and that the sole remedy for its non-compliance with the Medicaid Act is action by the federal government (Def.'s Mem. 11-12) are simply wrong and have been refuted by case and statutory law. *See e.g., Rabin,* 362 F.3d at 202; 42 U.S.C. § 1320a-2. The fact that the Medicaid Act creates rights for its beneficiaries in the context of state plans does not preclude a finding that Congress intended to confer federal rights enforceable under Section 1983. The Second Circuit in *Rabin* soundly rejected that argument, relying in part on 42 U.S.C. § 1320a-2, another provision of the Social Security Act (which contains the Medicaid Act) that provides that "[i]n an action brought to enforce a provision of this chapter [which includes the Medicaid statutes], such provision is not to be deemed unenforceable because of its inclusion in a section of this chapter requiring a State plan or specifying the required contents of a State plan." *Rabin,* 362 F.3d at 202. In fact, Congress specifically enacted this section, termed the "*Suter* fix," to make it clear that Medicaid beneficiaries have a remedy at law to enforce provisions of the Medicaid Act and need not rely solely on the federal government to disallow state plans that violate individual beneficiaries' rights under the Act. 42 U.S.C. § 1320a-2; *see also Watson v. Weeks*, 436 F. 3d 1152, 1158 (9th

4

Cir. 2006).   It is incontrovertible in light of 42 U.S.C. § 1320a-2 that provisions of the Medicaid

Act may be enforceable under Section 1983 even if they appear as requirements of state plans.

Defendant also wrongly suggests that an action under Section 1983 may be precluded by

the existence of a state administrative hearing process.  (Def.'s Mem. 12-13.)  It is well settled

law that the availability of state administrative remedies does not preclude a statute's

enforceability under Section 1983.  *See, e.g., Watson*, 436 F. 3d at 1162.

Finally, Defendant's assertions to the contrary, Plaintiff's causes of action are based on

enforceable rights created by statutes, not regulations.  Plaintiff relies on the regulations cited in

the Complaint only to the extent that they clarify the meaning of the statutory rights she seeks to

enforce.  And while a regulation "may not create a right that Congress has not," regulations that

"merely interpret a statute may provide evidence of what private rights Congress intended to

create."  *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002) (*citing Alexander v.

Sandoval,* 532 U.S. 275, 284, 121 S.Ct. 1511, 1518 (2001); *Wright v. City of Roanoke

Redevelopment and Housing Authority,* 479 U.S. 418, 427, 107 S.Ct. 766, 772 (1987) (utilizing

agency interpretation to assist in determining whether statute created enforceable rights).  Thus,

the specific provisions of the Medicaid Act relied on by Plaintiff are enforceable under Section

1983.

### A.     Section 1396a(a)(10)(A)

Section 1396a(a)(10)(A) of the Medicaid Act mandates that a state plan for medical

assistance "must provide. . . for making medical assistance available, including at least the care

and services listed in paragraphs (1) through 5…of section 1396d(a) of this title," to "all

individuals" meeting specific eligibility standards.  42 U.S.C. §1396a(a)(10)(A).  It contains

rights-creating language ("must provide . . .for making medical assistance available"), identifies

a discrete class of beneficiaries ("all individuals" meeting specific financial eligibility standards),

imposes a binding obligation on the states (use of the word "must"), and is worded in such a

straightforward manner that "enforcement will not strain judicial competence." *Blessing,* 520

U.S. at 340, 117 S.Ct. at 1359.  42 U.S.C. § 1396a(a)(10)(A)'s implementing regulation, 42

C.F.R. § 440.210 mandates that eligible individuals "must" be provided with the same services

outlined in 42 U.S.C. § 1396a(a)(10)(A), including inpatient and outpatient hospital services.  42

C.F.R. § 440.210, 42 C.F.R. § 440.10- 440.50, 42 C.F.R. § 440.70.  The structure of the

regulation, similar to that of the statutory provision, focuses on the individuals benefited and is

written in mandatory, not precatory language, making it clear that the federal agency

administering the Medicaid Act understood that Congress intended that 42 U.S.C. §

1396a(a)(10)(A) create an enforceable right for Medicaid recipients.

   Every Circuit Court that has examined the enforceability of Section 1396a(a)(10)(A) of

the Medicaid Act has found that the provision is enforceable under Section 1983.  *See Watson*,

436 F. 3d at 1161; *Westside Mothers v. Olszewski*, 289 F. 3d 852, 863 (6th Cir. 2006), *cert*

*denied,* 537 U.S. 1045, 123 S.Ct. 618 (2002); *S.D. ex rel. Dickson v. Hood*, 391 F. 3d 581, 607

(5th Cir. 2004); *Sabree ex rel. Sabree v. Richman*, 367 F. 3d 180, 189 (3d Cir. 2004); *Pediatric*

*Specialty Care, Inc. v. Arkansas Dept. of Human Service,* 293 F. 3d 472, 479 (8th Cir. 2002).

The Ninth Circuit found that the language of Section 1396a(a)(10)(A) "is unmistakably focused

on the specific individuals benefited; it provides for medical assistance to *all* individuals who

meet eligibility requirements." *Watson,* 436 F. 3d at 1159 (emphasis added). "[It] is also

expressly worded in mandatory, not precatory terms; it obviously sets out specific requirements

for state plans*." Id.* at 1161.  Finally, the Court concluded that the provision did not strain

judicial competence as it was "hardly vague and amorphous;" it set out the specific Medicaid

6

services that must be available to recipients by referencing §1396d(a), supplying "concrete and objective standards for enforcement." *Id.* at 1161.

Numerous District Courts examining the issue have reached the same result.  *See e.g., Rosie D. v. Romney,* 410 F. Supp. 2d 18, 52 (D. Mass, 2006); *Michelle P. ex. Rel. Deisenroth v. Holsinger*, 356 F. Supp. 2d 763, 767 (E.D. Ky. 2005); *Clark v. Richman*, 339 F. Supp. 2d 631, 638 (M.D. Pa. 2004); *Memisovski ex rel. Memisovski v. Maram*, NO. 92 C 1982, 2004 WL 1878332, *1 (N.D. Ill. Aug 23, 2004).  Thus, the case law definitively establishes that Section 1983(a)(10)(A) of the Medicaid Act creates a right enforceable pursuant to Section 1983.

### B.    Section 1396a(a)(10)(B)(i)

Section 1396a(a)(10)(B)(i) of the Medicaid Act, referred to as the "Comparability Provision," is similarly enforceable.  The overwhelming majority of post-*Gonzaga* courts examining this issue have found Section 1396a(a)(10)(B)(i) of the Medicaid Act to be enforceable by Medicaid beneficiaries pursuant to Section 1983.  *See, e.g., Equal Access for El Paso, Inc. v. Hawkis*, 428 F. Supp. 2d 585, 617 (W.D. Texas 2006), *reversed o.g.,* --- F.3d ----, NO. 06-50599, 2007 WL 4295380 (5th Cir. Dec 10, 2007); *Michelle P. ex. Rel. Deisenroth*, 356 F. Supp. 2d at 768; *Health Care For All, Inc. v. Romney,* NO. CIV.A.00-10833-RWZ, 2004 WL 3088654, *2 (D. Mass. Oct 01, 2004); *Mendez v. Brown*, 311 F. Supp. 2d 134, 140 (D. Mass 2004); *Martin v. Taft,* 222 F.Supp.2d 940, 977 (S.D. Ohio 2002).

42 U.S.C. § 1396a(a)(10)(B)(i) provides that "the medical assistance made available to any individual described in subparagraph (A) – (i) shall not be less in amount, duration, or scope than the medical assistance made available to any other such individual."  The text of this provision demonstrates congressional intent to confer individual rights enforceable by Section 1983: the language refers to eligible Medicaid recipients as the discrete class of individuals

7

benefited by the statute, and the use of the words "shall not" show that the language is mandatory, thus imposing a binding obligation on the states.  42 U.S.C. § 1396a(a)(10)(B)(i). Moreover, the provision is not so vague or amorphous that it would strain judicial competency to enforce it– it clearly calls for equal services to be provided to similarly situated individuals.   42 U.S.C. § 1396a(a)(10)(B)(i).  "[T]he phrase[s] 'not less than' and 'equal access' are sufficiently specific and detailed, as opposed to vague and ambiguous, to create an enforceable right under § 1983." *Michelle P. ex rel. Deisenroth*, 356 F.Supp.2d at 768.

Indeed, the court in *Equal Access for El Paso, Inc.* specifically noted that comparing available services among Medicaid recipients "provides courts with an 'objective benchmark' in enforcing provisions, namely the amount, duration, and scope the state provides to other recipients."  428 F. Supp. 2d at 617.  This provision "unquestionably confers the sort of individual entitlement that is enforceable under § 1983."  *Michelle P. ex. Rel. Deisenroth*, 356 F. Supp. 2d at 768.

The regulations implementing 42 U.S.C. § 1396a(a)(10)(B)(i) further clarify the enforceable right created by this provision.  42 C.F.R. § 440.230 mandates that the Medicaid agency "may not arbitrarily deny or reduce the amount, duration, or scope of a required service . . . to an otherwise eligible recipient solely because of the diagnosis, type of illness, or condition." 42 C.F.R. § 440.230.  42 C.F.R. § 440.240 provides that "[t]he [state] plan must provide that the services available to any individual in the categorically needy and/or a covered medical needy group are equal in amount, duration and scope for all recipients within the group."  42 C.F.R. § 440.240.  These regulations, which help to define the Comparability Provision, buttress the enforceability of the underlying statute.

## C.     Section §1396a(a)(17)

Section § 1396a(a)(17), which provides that a state plan must provide "reasonable standards…for determining eligibility for and the extent of medical assistance under the plan," is similarly enforceable.  It contains rights-creating language: the use of the word "must" indicates that the language imposes an obligation on the states, and that the obligation is mandatory, not precatory.  *Id.*  In addition, it identifies a "discrete class of beneficiaries;" namely and those individuals seeking and eligible for Medicaid coverage: the categorically and medically needy. *Id.*

In a case similar to that at bar, *Kerr v. Holsinger*, the court, in determining the enforceability of Section 1396a(a)(17) under Section 1983, looked to the general purpose of enacting the Medicaid Act.  NO. CIV. A. 03-68-H, 2004 WL 882203, *5 (E.D. Ky. March 25, 2004).  The court noted that this portion of the Medicaid Act is "by its terms ... intended to provide standards upon which individual applicants can rely in the determination of their benefit eligibility by state officials.  It is intended to benefit the plaintiffs, and it is a binding obligation on the state agency." *Kerr,* 2004 WL 882203, *5 (*citing Markva v. Haveman,* 168 F.Supp.2d 695, 711 (E.D. Mich. 2001), *aff'd,* 317 F.3d 547 (6th Cir. 2002)). The court went on to find that the "requirement that these standards be consistent with the objectives of the Act is not so vague and amorphous as to defeat this Court's review of the situation."  *Id.; see also Mendez*, 311 F. Supp. 2d at 138-139; *Verdow ex rel. Meyer v. Sutkowy,* 209 F.R.D. 309, 316 (2002) (granting summary judgment on the plaintiff's Section §1396a(a)(17) claim).

Moreover, this Court has specifically recognized the enforceability of Section 1396a(a)(17) under Section 1983 in the case of *Borriello v. Novello.*  No. 02cv7946, *10 (KMW) (S.D.N.Y. Mar. 24, 2004).  The Court found that "the provision requires the use of 'reasonable

9

standards,' a concept that courts interpret regularly, and which is not too 'vague and amorphous' to enforce." *Borriello,* No. 02cv7946, *9. What is more, the Court noted that the Second Circuit, by referring to and using Section 1396a(a)(17) in its analysis of the case *Rodriguez v. City of New York,* "implied that this section gives rise to a private cause of action." *Borriello,* No. 02cv7946, *9-*10 (*citing Rodriguez v. City of New York,* 197 F.3d 611, 616 (2d Cir. 1999)).

This Court should not depart from the body of established law and its own well reasoned precedent and should find that Section 1396a(a)(17) of the Medicaid Act is enforceable under Section 1983.

## II. Defendant's Motion for a Judgment on the Pleadings Should be Denied: All of His Substantive Arguments Are Based on Factual Assertions Contrary to Those Alleged in the Complaint, Inappropriate on this Motion

The entire thrust of Defendant's argument on the merits of his Motion for Judgment on the Pleadings is that 18 N.Y.C.R.R. § 505.2(l) is valid because it is a "reasonable construction" of the Medicaid statute. (Def.'s Mem. 15, 16, 23.) Defendant seeks to support this argument with a request for deference pursuant to *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778 (1984). This is a futile effort, both because Defendant is not the federal agency responsible for administering the Medicaid Act, and even more importantly, because deference is only afforded to permissible interpretations of statutes.

The fatal flaw in Defendant's motion is that his argument is entirely factual. On a motion for judgment on the pleadings, the Court must accept as true the facts as alleged in the Complaint. *See DeSantis v. United States,* 783 F.Supp. 165, 168 (S.D.N.Y. 1992). Defendant does not accept the facts alleged in the Complaint in support of his argument. On the contrary, he argues directly against them. (*e.g.,* Def.'s Mem. 19, 21, 22.) The Motion for Judgment on the

Pleadings must therefore fail, and Plaintiff must be given an opportunity to conduct discovery and to prove the facts alleged in the Complaint.

Defendant relies heavily on *Chevron* deference to support the challenged regulation. (Def.'s Mem. 15, 16.)  This reliance is misplaced.  State agencies are not entitled to the same degree of deference when interpreting federal law as the federal agencies responsible in the first instance for the implementation of the law.  *Turner v. Perales,* 869 F.2d 140, 141 (2d Cir. 1989) (per curium).

But more importantly, *Chevron* deference will not be accorded to interpretations that are unreasonable, arbitrary and capricious, or manifestly contrary to the statute at issue.  *Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782; *see also Fox Television Stations, Inc. v. Federal Communications Com'n,* 489 F.3d 444, 454-62 (2d. Cir. 2007) (holding, *inter alia,* that a Federal Communication Commission ("FCC") policy sanctioning fleeting expletives was arbitrary and capricious because the agency failed to provide a reasonable explanation to justify its departure from the agency's established practice); *GTE Service Corp., v. F.C.C.*, 205 F.3d 416, 426 (D.C. Cir. 2000) (vacating portions of an FCC Order that "diverge[d] from any realistic meaning of the statute") (internal citations omitted).  Based on the allegations in the Complaint, the regulation challenged in this case fails all of these tests.

"Administrative agencies must articulate a logical basis for their decisions, including a rational connection between the facts found and the choices made."  *Detsel by Detsel v. Sullivan*, 895 F.2d 58, 63 (2d Cir. 1990) (internal citations omitted); *see also Skubel v. Fuoroli,* 113 F.3d 330, 336 (2d Cir. 1997) (holding that no rational connection existed between a regulation and the purpose to be served by a statute governing home nursing services). When considering how much deference to afford an agency, courts may consider a number of factors, including the

11

validity of the agency's reasoning, the thoroughness of its consideration, and the consistency

with which the agency acts. *Detsel v. Sullivan*, 895 F.2d at 65; *Greenstein by Horowitz v. Bane*,

833 F.Supp. 1054, 1071 (S.D.N.Y. 1993). All of these considerations: the rational connection

between the regulation and the purpose to be served by the Medicaid Act; the validity of

Defendant's reasoning; the thoroughness of its consideration; and the consistency with which the

Defendant's acts, are fact based. For the purposes of a motion for judgment on the pleadings,

Plaintiff's facts must be accepted.

> **A.      Based on the facts alleged by Plaintiff, 18 N.Y.C.R.R. § 505.2(l) is not a rational, permissible construction of 42 U.S.C. § 1396a(a)(10)(A) or 42 U.S.C. § 1396a(a)(17)**

The express intent of Congress in passing the federal Medicaid statute was to mandate

that participating states make medical assistance available to all eligible Medicaid recipients.

*See* 42 U.S.C. § 1396. 42 U.S.C. § 1396a(a)(10)(A) specifies that states must make certain

mandatory care and services available to categorically needy Medicaid recipients. These

mandatory services include inpatient and outpatient hospital services, laboratory services, and

physician's services. 42 U.S.C. § 1396d(a)(1) through (5). Nowhere does Congress provide

exceptions to this basic level of required care, and federal regulations interpreting this statute

require that these mandatory services be provided to all categorically needy Medicaid recipients.

42 C.F.R § 440.210(a). 42 U.S.C. § 1396a(a)(17) further requires that state plans include

reasonable standards for determining eligibility for and the extent of medical assistance.

The care that Plaintiff seeks—vaginoplasty with orchiectomy—falls squarely within the

categories of mandatory care required by 42 U.S.C. § 1396a(a)(10)(A). *See* 18 N.Y.C.R.R. §

533.5. Defendant's explanation for its exclusion of gender reassignment treatment from the

otherwise covered services to which Plaintiff is entitled as a categorically needy Medicaid recipient lacks a reasonable basis.

Defendant's only stated justification for 18 N.Y.C.R.R. § 505.2(1) is that treatments for Gender Identity Disorder ("Gender Identity Dysphoria" or "GID") have not been found to be safe and effective. (Def.'s Mem. 19.) However, Plaintiff alleges in her Complaint that that justification has no basis in fact. (Compl. ¶¶ 37-39.) Indeed, as alleged in the Complaint, the Harry Benjamin International Gender Dysphoria Association, the world's leading authority on the treatment of GID, stated "sex reassignment surgery, along with hormone therapy and real-life experience, is a treatment that has proven to be effective…Sex reassignment is not 'experimental,' 'investigational,' elective,' 'cosmetic,' or 'optional' in any meaningful sense." (Compl. ¶ 39.) For the purposes of this motion, Plaintiff's allegation must be accepted. There is then no rational basis for the regulation.

Furthermore, Defendant's consideration of the regulation was far from thorough, and was indeed, as Plaintiff alleges, arbitrary. (Compl. ¶ 65.) Defendant did not cite any sources in support of its contention that gender reassignment does not constitute safe and effective treatment for people suffering from profound GID. 12 N.Y. Reg. 26 (July 16, 1997); 12 N.Y. Reg. 5 (March 25, 1998). As Defendant acknowledges, the only two comments on the proposed regulation were from physicians who opposed its adoption on the grounds that "gender reassignment is an appropriate, effective and safe treatment for persons with gender dysphoria." 12 N.Y. Reg. 5 (March 25, 1998). However, the Department of Health dismissed their comments and adopted the amendment without holding a hearing or providing any further justification for its erroneous conclusion that gender reassignment treatment is not safe and effective. 12 N.Y. Reg. 26 (July 16, 1997); 12 N.Y. Reg. 11 (Jan. 7, 1998).

13

Defendant argues that under *Beal v. Doe*, 432 U.S. 438, 97 S.Ct. 2366 (1977), the Medicaid statute does not require states to fund every medical procedure that falls within the delineated categories of medical care. (Def.'s Mem. 12.) This argument is misplaced for two reasons. First, as discussed below, the Defendant does in fact fund the specific services requested by Plaintiff for people not suffering from GID, and second, because *Beal* did not address necessary medical services. Rather, *Beal* addressed Pennsylvania's refusal to fund *nontherapeutic* abortions. 432 U.S. at 440, 97 S.Ct. at 2368. The Supreme Court specifically noted that Title XIX's objective is to provide medical assistance to individuals unable "to meet the costs of *necessary* medical services," and went on to state that "serious statutory questions might be presented if a state Medicaid plan excluded *necessary* medical treatment from its coverage." *Id.*, 432 U.S. at 444, 97 S.Ct. at 2370 (emphasis added); *see also Montoya v. Johnston*, 654 F.Supp. 511, 512-13 (W.D. Tex. 1987) (relying on *Beal* to find that the Medicaid Act mandated Texas to cover a medically necessary liver transplant).

Indeed, post *Beal*, numerous courts have held that 42 U.S.C. 1396a(a)(10)(A) mandates that states cover all medically necessary procedures that fall within a required medical service. For instance, the Eighth Circuit has noted that "[t]his provision has been interpreted to require that a state Medicaid plan provide treatment that is deemed 'medically necessary' in order to comport with the objectives of the Act." *Weaver v. Reagen*, 886 F.2d 194, 198 (8th Cir. 1989) (holding held that the state could not deny Medicaid coverage of the drug AZT to AIDS patients who were eligible for Medicaid and whose physicians had certified that AZT was medically necessary treatment); *see also Hope Medical Group for Women v. Edwards*, 63 F.3d 418, 428 (5th Cir. 1995), *cert. denied sub nom, Foster v. Hope Medical Group For Women,* 517 U.S.

1104, 116 S.Ct. 1319 (1996) (suggesting that a state could only exclude an otherwise covered treatment outright if that treatment were never medically necessary).

Numerous courts have found prohibitions against gender reassignment therapies similar to 18 N.Y.C.R.R. § 505.2(l) to violate the federal Medicaid Act provisions and its implementing regulations. *See*, *e.g., Pinneke v. Preisser*, 623 F.2d 546, 549 (8th Cir. 1980) (holding that Iowa's policy of denying Medicaid benefits for sex reassignment surgery constituted an arbitrary denial of benefits based solely on diagnosis, type of illness or condition); *Doe v. Minnesota Department of Public Welfare*, 257 N.W.2d 816, 820 (Minn. 1977) (holding that the "total exclusion of transsexual surgery from eligibility for… benefits is directly related to the type of treatment involved and, therefore, is in direct contravention of" the regulation.); *cf. G. B. v. Lackner*, 80 Cal. App. 3d 64, 71, 145 Cal. Rptr. 555, 559 (Cal. 1st Dist. Ct. App. 1978) (finding that California's classification of sex reassignment surgery as cosmetic was arbitrary because the surgery was medically necessary for the plaintiff, and ordering the trial court to direct the agency to authorize plaintiff's request for surgery).

Thus, the allegations in the Complaint clearly establish that the challenged regulation was written and adopted with no rational basis and no thorough consideration, in a manner so arbitrary and capricious as to warrant absolutely no deference from the Court.

**B.      Based on the facts alleged by Plaintiff, 18 N.Y.C.R.R. § 505.2(l) is not a rational, permissible construction of 42 U.S.C. § 1396a(a)(10)(B)(i).**

Defendant argues that the challenged regulation does not violate 42 U.S.C. § 1396a(a)(10)(B)(i) on the grounds that he does not provide the services requested by Plaintiff to anyone and therefore need not provide them to her.  (Def.'s Mem. 22.)  Again, Defendant refuses to acknowledge that he is raising a factual question and that he bases his argument on facts that

directly contradict those alleged in the Complaint.  On this motion, the facts alleged in the Complaint must be taken as true, and Defendant's argument fails.

42 U.S.C. § 1396a(a)(10)(B)(i) provides that that "the medical assistance made available to [categorically needy individuals] shall not be less in amount, duration or scope than the medical assistance made available to any other such individual."  The federal Medicaid regulation implementing this statute indicates that states may not "arbitrarily deny . . . a required service…solely because of the diagnosis, type of illness, or condition."  42 C.F.R. § 440.230(c).  This federal regulation leaves no doubt that the challenged state regulation directly violates 42 U.S.C. § 1396a(a)(10)(B)(i).

Defendant's entire defense to this claim is that the services Plaintiff needs are not provided to anyone because they are not the "same" services when provided to treat GID as when provided to treat other illnesses.  Plaintiff alleged that she needs a vaginoplasty with an orchiectomy to treat her GID.  (Compl. ¶ 57-59.)  The New York State Medicaid plan provides coverage for Medicaid recipients who need vaginoplasty and orchiectomy.  18 N.Y.C.R.R. § 533.5; (Compl. ¶ 32.)   Defendant argues that the services Plaintiff requests needs do not constitute the "same" services as these procedures provided to Medicaid recipients for purposes other than gender reassignment. (Def.'s Mem. 22.)  However, whether these are or are not the same "services" or "benefits" when provided for the treatment of different medical problems is clearly a medical-factual question.

Defendant further argues that because the procedures are not the same when offered to treat GID as when offered to treat other conditions, he need not offer them to Plaintiff pursuant to *Rodriguez.*  (Def.'s Mem. 22.); 197 F.3d at 616.  Defendant's reliance on *Rodriguez* is misplaced.  First, it is based on the disputed factual contention that the services needed by

16

Plaintiff are not being offered at all. Second, *Rodriguez* held that 42 U.S.C. § 1396a(a)(10)(B) does not mandate the State to provide a non-required service, which it provides to no one, because it is "comparable" to another benefit which the State voluntarily provides. 197 F.3d at 616. This case is not on point. Plaintiff alleges that the treatment that she requires is the *same* treatment that is available all other Medicaid recipients except those suffering from GID. (Compl. ¶¶ 32, 66.) In addition, the services requested in *Rodriguez* were "comparable" to a service that is not required pursuant to 42 U.S.C. § 1396d(a)(1)-(5), (17), and (21). 197 F.3d at 613. In contrast, Plaintiff seeks physicians' and hospital services that the state is required to— and does—provide to other categorically needy Medicaid recipients when they are medically necessary.

Thus, 18 N.Y.C.R.R. § 505.2(l) is an unreasonable interpretation of 42 U.S.C. § 1396a(a)(10)(B) because it denies medically necessary treatment to some categorically needy Medicaid recipients while providing the same services to other categorically needy Medicaid recipients, based solely on diagnosis. It is well settled that Medicaid regulations do not "permit discrimination in benefits based upon . . . the medical disorders from which the person suffers." *White v. Beal*, 555 F.2d 1146, 1152-53 (3d Cir. 1977) (holding that a state regulation which denied benefits to some Medicaid recipients and granted them to others, based solely on the cause of the disability and not on medical necessity, violated the Medicaid Act).

In short, all of Defendant's arguments on Plaintiff's statutory claims fail in light of the factual allegations of the Complaint, which control on this Motion for Judgment on the Pleadings.

17

### III.     Plaintiff States a Claim that 18 N.Y.C.R.R. § 505.2(1) Violates the Equal Protection Clause of the Fourteenth Amendment

The "[e]qual protection doctrine ensures that all similarly situated persons are treated similarly under the law," and if a statute does classify people, the "classification must be based on criteria related to the statute's objective." *Vermont Assembly of Home Health Agencies, Inc. v. Shalala,* 18 F.Supp.2d 355, 363 (D. Vt. 1998) (*citing Disabled Am. Veterans v. U.S. Dept. of Veterans Affairs,* 962 F.2d 136, 141 (2d Cir. 1999)).  In doing so, the equal protection clause prohibits states from imposing a burden upon a particular class of people without some rational basis for singling out that class.  *City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 441-442, 105 S.Ct. 3249, 3255 (1985).

Plaintiff has alleged that Defendant discriminates against a class of people who suffer from GID by denying them the same drugs and services that it provides to Medicaid recipients who do not suffer from GID.  (Compl. ¶¶ 66-67.)  Plaintiff has also alleged that Defendant's basis for doing so is discriminatory and not based on criteria related to the Medicaid Act's objective, and is therefore not rational.  (Compl. ¶¶ 66-67.)  Defendant's factual assertions to the contrary are misplaced on a motion for judgment on the pleadings.

By promulgating 18 N.Y.C.R.R. § 505.2(l), Defendant has singled out people with GID to deny them treatment for a severe and incapacitating medical condition.  (Compl. ¶ 38.) Defendant argues that the exclusion of gender reassignment treatment from the New York State Medicaid plan does not single out people with GID because the state denies gender reassignment treatments to all people, regardless of whether they have been diagnosed with GID.  (Def.'s Mem. 25.)  This argument is patently absurd, as people with GID are the ONLY people who

18

need or benefit from gender reassignment. The discriminatory exclusion is the denial of procedures to treat GID that are provided for the treatment of other disorders.

Defendant argues that the challenged regulation does not constitute a denial of equal protection to Plaintiff because there is a rational basis for the regulation. His constitutional argument, like his statutory argument, is based on his interpretation of the facts about the safety and effectiveness of the disputed treatment. (Def.'s Mem. 25-27.) Here again, Plaintiff's version of the facts must be accepted, and Plaintiff alleges that the treatment is safe and effective. (Compl. ¶¶ 37-39.) Thus, the only rational basis proffered by Defendant fails. The challenged regulation then has only one basis: discrimination against Plaintiff on the basis of her diagnosis. This purpose violates the Equal Protection Clause of the Fourteenth Amendment as well as the Medicaid Act and its implementing regulations.

## CONCLUSION

For all the reasons set forth above, Defendant's Motion for Judgment on the Pleadings should be denied.

Dated:     January 22, 2008
           New York, New York

                         Respectfully submitted,


                         _____/s/_____

                         YISROEL SCHULMAN, ESQ
                         NEW YORK LEGAL ASSISTANCE GROUP
                         Jane Greengold Stevens, Of Counsel (JS 4790)
                         Deborah Berkman, Of Counsel (DB 8086)
                         450 West 33rd Street, 11th Floor
                         New York, New York 10001
                         Tel. (212) 613-5000
                         Fax (212) 750-0820

SYLVIA RIVERA LAW PROJECT
Pooja Gehi (PG 4718)
Franklin Romeo (FR 2194)
322 Eighth Avenue, 3rd Floor
New York, New York 10001
Tel. (212) 337-8550
Fax (212) 337-1972

ORRICK, HERRINGTON & SUTCLIFFE LLP
Morton Dubin (MD 7149)
666 Fifth Avenue
New York, New York 10103
Tel. (212) 506-5000
Fax (212) 506-5151